# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **ROSS WALLACE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **TEAM SOLUTIONS-TEAM** | ) |
| **GROUP-US,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

This is an action brought under §§703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a), alleging sexual harassment and retaliation in employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a and claims of invasion of privacy, outrage, assault and battery, and negligent supervision and retention under Alabama law.  This court has jurisdiction of these claims based on Alabama law under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

2. The employment practices alleged to have been unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3. Plaintiff, Ross Wallace was an employee of NAOS On-Site Staffing, LLC who was assigned to work at Team Solutions on site at SMP Automotive. The actions stated in this complaint which give rise to the causes of action set out below were all committed by employees of Team Solutions.

4. The Defendant does business in the State of Alabama, in the city of Tuscaloosa and has continuously had at least fifteen (15) employees and is an employer engaged in an industry affecting commerce within the meaning of §§701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

### 1. Sexual Harassment

5. Plaintiff has met all conditions precedent to filing this cause of action. He filed a timely charge of discrimination with the EEOC and received a Right to Sue letter authorizing this cause of action within 90 days of the filing of the complaint.

6. During the plaintiff's employment he was sexually harassed by Pamela Freeman, a Team Solutions employee and the plaintiff's supervisor. The

harassment included continuous sexual comments and unwanted touching. She talked about the plaintiff's private parts and wanting to have sex with him. She grabbed the plaintiff's crotch and told other female employees how big she thought his private parts were. He told her to stop and she laughed. When she grabbed the plaintiff's crotch the first time he reported it to Daniel, the plaintiff's Team Leader. His response was for the plaintiff to try and get along with Pam. The plaintiff was then grabbed in the crotch again by Pamela. On this second occasion the plaintiff again reported it to Daniel and texted the supervisor of Team Solutions, Steve Francis. The next day Mike Lyles, the team group lead for Team Solutions and Steve met with the plaintiff and asked him if he was ok. He told them he was not and when Steve asked him what was wrong he told him he had texted him what Pamela was doing to him. Steve then talked to Pamela in the presence of the plaintiff and heard her say that nothing was going to stop her. After that she made it known to the plaintiff that being reported meant nothing to her. She bragged that she was having sexual relations with Mike Lyles and that he had her back.

7. The sexual harassment was unlawful and unwelcome and occurred within the full knowledge of Defendant's supervisory personnel. Although

Defendant had notice of sexual harassment, it failed to exercise reasonable care to prevent and/or correct promptly any sexually harassing behavior.

## 2. Retaliation

8. One week after the plaintiff reported the conduct of Pamela Freeman he was terminated.  The reason given for his termination was "attitude".  This was in spite of the Team Solution supervisors bragging to NAOS on what a good employee he was and how he went out of his way to do extra work.   This was in violation of 42 U.S.C. §2000e-3(a) and (b) because he had opposed unlawful employment practices under Title VII.

9. The effect of the practices complained of in paragraphs 5-8 above has been to deprive the plaintiff of equal employment opportunities and otherwise adversely impact his status as an employee because of sex and in retaliation for opposing unlawful employment practices.

10. The unlawful employment practices complained of in paragraphs 5-8 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 5-8 above were done with malice and/or with reckless indifference to the federally protected rights of the plaintiff.

## 3. Invasion of Privacy

12. The plaintiff adopts and re-alleges paragraphs 1-11 as if fully set forth herein.

13. The defendant invaded the privacy of the plaintiff by knowing the acts were taking place and condoning those actions. These actions invaded the solitude enjoyed by the plaintiff under state law.

14. The actions above were done with malice and/or with reckless indifference and proximately caused the plaintiff to suffer emotional distress and trauma for which he claims compensatory and punitive damages.

### 4. Outrage

15. The plaintiff adopts and re-alleges paragraphs 1-11 as if fully set forth herein.

16. The conduct of defendants in committing or knowingly condoning the act stated in paragraphs 5-11 was extreme and outrageous and was beyond the bounds of decency.

17. The actions above were done with malice and/or with reckless indifference and proximately caused the plaintiff to suffer emotional distress and trauma for which he claims compensatory and punitive damages.

### 5. Assault and Battery

18. The plaintiff adopts and re-alleges paragraphs 1-11 as if fully set forth herein.

19. The defendant committed an assault and battery against the plaintiff by knowing and condoning the actions in paragraphs 5-11. Those actions amounted to an assault and battery under state law.

20. The actions above were done with malice and/or with reckless indifference and proximately caused the plaintiff to suffer emotional distress and trauma for which he claims compensatory and punitive damages.

### 6. Negligent Retention and Supervision

21. The plaintiff adopts and re-alleges paragraphs 1-11 as if fully set forth herein.

22. The defendant negligently hired, retained and/or supervised Pamela Freeman, Daniel, Steve Francis and Mike Lyles when the defendant knew a sexually hostile environment was unlawful and could lead to the interference and enjoyment of the plaintiff's employment.

23. The actions above were done with malice and/or with reckless indifference and proximately caused the plaintiff to suffer emotional distress and trauma for which he claims compensatory and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that the Court will grant them the following relief:

A.  Issue a declaratory judgment declaring that the wrongs complained of herein violate the rights of the plaintiff guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a) and the laws of Alabama.

B. Enter a permanent injunction or other injunctive relief enjoining defendant and his agents, assistants, estate, successors, employees, assigns, and those acting in concert or cooperation with him from maintaining or continuing any customs, policies, patterns, practices or actions which operate to discriminate on the basis of sex and retaliation.

C. Award the plaintiffs compensatory and punitive damages.

D. Award the plaintiffs their cost incurred in this case, together with reasonable attorney's fees and expenses.

E. Grants such and further relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted,

 *s/C. Michael Quinn*
C. Michael Quinn
Attorney for Plaintiff
The Law Offices of C. Michael Quinn
2501 Aspen Cove Drive
Vestavia Hills, Al. 35243

Sherrie V. McKenzie
Attorney at Law P.C.
P.O. Box 1183
Monroeville, AL 36461

**JURY DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

*s*/C. Michael Quinn
C. Michael Quinn

Defendant's Address:

Team Solutions
Team Group-US
12640 Delta Street
Taylor, MI 48180